## MATHIAS J. KRETZMANN

### *v.*

### EDWARD F. DUNNE, Mayor.

*Opinion filed June 19, 1907.*

DRAM-SHOPS—*when refusal to grant license is not an abuse of mayor's discretion.* Refusal of the mayor to grant a license to keep a dram-shop close to a. charitable institution maintained as a place to reform wayward young girls is not an abuse of the mayor's discretion, even though the requisite majority of property owners in the locality have signed the petition for the license. (*Harrison* v. *People,* 222 Ill. 150, adhered to.)

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

Appellant filed a petition in the superior court of Cook county for a writ of *mandamus* against appellee, as mayor of Chicago, commanding him to issue to petitioner a license to keep a dram-shop at 2146 North Clark street. The cause was submitted to the superior court on an agreed state of facts, and, after hearing, that court awarded a peremptory writ of *mandamus* commanding the defendant to issue a license as petitioned for. On appeal to the Appellate Court the judgment of the superior court was reversed and the cause remanded, with instructions to dismiss the petition. Appellant then perfected an appeal to this court.

From the record it appears that the building in question is located at the north-east corner of North Clark and Grace streets. North Clark street here extends in a north-westerly direction and crosses Racine avenue just south of Grace street. Grace street extends east and west and Racine avenue north and south. The premises known as 2146 North Clark street are located on an irregular-shaped lot lying north of and bordering on Grace street and between North

Clark street on the west and Racine avenue on the east. Immediately across Racine avenue from the premises, and about one hundred and twenty-five feet distant therefrom, is located the property of the House of the Good Shepherd, occupying apparently one entire block, bounded by Racine avenue on the west, Grace street on the south, Byron street on the north and Seminary avenue on the east. The buildings used by said institution when these proceedings were instituted were located at the north end of said premises, about five hundred feet from the building named in the application, but other buildings were then being erected by the institution between two hundred and fifty and two hundred and seventy-five feet from the premises named in the application. Along the entire western boundary of the block occupied by said institution, on Racine avenue, runs a brick wall about two feet thick and ten feet high. The House of the Good Shepherd is a charitable and religious institution conducted for the purpose of reforming and caring for young girls sent there by their parents and by the juvenile court of Cook county, supported largely by charity and by voluntary subscriptions and conducted somewhat in the nature of a penal institution, the inmates being under certain restraint and not permitted to leave the premises.

It appears from the agreed state of facts that "there has been placed on file with the mayor a petition of a majority of the property owners in the vicinity of Clark and Grace streets * * * requesting that a license be issued" to appellant; that appellant has complied in all respects with the ordinance now in force, which would entitle him to a license thereunder, and that he is a man of good moral character and the inspector of police has recommended that a license be granted to him. License was refused for the reason that objections had been made by the representatives of the House of the Good Shepherd, and the appellee, said mayor of the city of Chicago, "further stated as a reason for refusal to grant the license relator seeks, that in so do-

ing he is conserving the best interests of the people, and that he has adopted the plan of refusing to grant a license to keep a dram-shop at any point within two hundred and fifty feet of a charitable or a religious institution."

GENTZEL & CRANE, for appellant.

WILLIAM D. BARGE, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee.

Per CURIAM: The ordinance in question in this case is identical with the one passed upon and set out in the statement of facts in *Harrison* v. *People*, 222 Ill. 150. The questions decided in that case are substantially the same as those raised in this proceeding. In that case the dram-shop was sought to be located a short distance from a public school. Because the location of the proposed dram-shop in the former case was adjacent to a school, and not to a charitable or reformatory institution, as here, counsel for the appellee seek to distinguish that case from this. They also insist that it should be distinguished because in this case there was a petition of a majority of the property owners in the locality favoring the issuing of the license, while in the *Harrison case* they claim the adjacent property owners were against the license. We find nothing in the *Harrison case* to indicate that the question of the wishes of the adjacent property owners influenced in any way the decision.

Counsel for appellant, however, most earnestly insist that even though this case cannot be distinguished from *Harrison* v. *People, supra,* that case ought not to be followed. We have examined the authorities cited by counsel and find no reason to depart from the conclusions laid down by this court in that case. No one can contend that a saloon adjacent to or in the immediate neighborhood of this charitable institution may not, in a greater or less degree, tend to demoralize the young girls who are sent there for the purpose of removing them from just such influences as are

228—3

known to center in and about a saloon. It is not contended that the city authorities are arbitrarily discriminating between this particular institution and others of like character.

For the reasons given in *Harrison* v. *People, supra*, we are of the opinion "that there was no such abuse of discretion on the part of the mayor as would justify the courts in compelling him to grant the license applied for."

The judgment of the Appellate Court will accordingly be affirmed.             *Judgment affirmed.*