STATE EX REL. CHANDLER, Appellant, vs. MAYOR AND COM-
MON COUNCIL OF THE CITY OF SUPERIOR and others, Re-
spondents.

*February 5—February 24, 1914.*

*Intoxicating liquors: Licenses: Transfer to different locality:* Man-
damus.

1. Sec. 1565*d*, Stats. 1911, has no bearing on the transfer of a li-
cense from one locality to another during the life of such
license.
2. If a city council has power to transfer a license issued for one
locality to another, such power is discretionary and *mandamus*
will not lie to control that discretion.

APPEAL from a judgment of the circuit court for Douglas
county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

This is a *mandamus* proceeding brought to compel the
city council of the city of Superior to transfer a license from
one locality to another during the period covered by it. The
facts alleged in the petition and admitted by the return and
those set forth in the return and admitted by the relator's de-
murrer thereto show that the relator was licensed to sell liquor
at 812 Tower avenue in the city of Superior from June 30,
1912, to June 30, 1913; that he was ousted from the building
occupied by him at 812 Tower avenue because of nonpay-
ment of rent; that he then rented a building at 616 Tower
avenue which was not located in any no-license area, and de-
manded that his license be transferred to such locality, and
that his application was denied by the common council on
June 9, 1913. On May 29, 1913, the owner of the building
at 812 Tower avenue advised the common council that its
property was available for use for saloon purposes; that more
than the legal limit of liquor licenses had been granted, and
that under such circumstances no legal transfer of the relat-
or's license could be made. A remonstrance against granting
a license for the building at 616 Tower avenue was filed with
the council and was signed by forty-one persons. The coun-
cil set forth in their return that they refused to make the

transfer because of the protest of property owners in the vicinity, because there were then too many saloons in the locality of 616 Tower avenue, because in their judgment it was for the best interests of the city not to make the transfer, and because they had no power to make it.

The cause was submitted for the appellant on the brief of *Solon L. Perrin,* and for the respondents on a brief signed by *A. V. Gard* and *T. L. McIntosh.*

BARNES, J.    The appellant argues that under the provisions of sec. 1565*d,* Stats. 1911, the relator had a clear legal right to have his license transferred.    This statute is quoted in full in *State ex rel. Marvin v. Larson,* 153 Wis. 488, 140 N. W. 285, and in *Zodrow v. State,* 154 Wis. 551, 143 N. W. 693.    The only portion of it which can have any application to the facts in this case is the following:

"And provided further that licenses be granted or issued to persons for those places or locations for which licenses were issued or granted on or prior to the thirtieth day of June, 1907, unless by reason of a refusal of the owner to lease the same for such purposes, their destruction by fire or the elements or the same be refused by operation of law or under the provisions of this act, then and in either of such cases such license may be issued or granted to some other location."

We fail to see how the portion of the statute quoted can have any bearing on the transfer of a license issued for a given locality to another and different one during the life of such license.    Our attention has not been called to any statute which obligates or even authorizes a city council to transfer a license issued for one locality to another.    If the power exists at all, which we doubt, it was discretionary and *mandamus* will not lie to control that discretion.    Sec. 35, ch. 124, Laws of 1891; *Joseph Schlitz B. Co. v. Superior,* 117 Wis. 297, 93 N. W. 1120; *State ex rel. Davern v. Rose,* 140 Wis. 360 (122 N. W. 751) and cases cited on page 371.

*By the Court.*—Judgment affirmed.