STATE EX REL. HIGGINS, Appellant, vs. CITY OF RACINE and others, Respondents.

*December 5, 1935—January 7, 1936.*

108

For the appellant there was a brief by *Edward F. Higgins,* attorney, and *H. K. Curtis* of counsel, both of Milwaukee, and oral argument by *Mr. Higgins.*

*Cornelius Colbert,* city attorney, for the respondents.

FAIRCHILD, J.   We do not understand that there is any claim to a right to locate a tavern anywhere within a municipality regardless of the effect such an institution may have upon the interests of the community.   It is understood and generally conceded that the business of conducting a tavern is subject to legislative restriction, regulation, and control. Usually there is vested in the licensing authorities a discretionary power which may be reasonably exercised in granting or refusing to issue a license.

That an ordinance or statute provides for granting licenses to applicants furnishing a proper bond and evidence of good moral character does not prevent the licensing body from giving due consideration to the proposed location of a tavern, and denying the license because the place where the business is to be conducted is not a proper place, by reason of surroundings, for the carrying on of such an enterprise. *Harrison v. People,* 222 Ill. 150, 78 N. E. 52; *Kretzmann v. Dunne,* 228 Ill. 31, 81 N. E. 790; *Jugenheimer v. State Journal Co.* 81 Neb. 830, 116 N. W. 964; *Bernstein v. City of Marshalltown,* 215 Iowa, 1168, 248 N. W. 26.

A municipality has authority to regulate the operation of taverns in a reasonable manner.   This is implicit in the obligation resting on city authorities to protect public safety

and promote public welfare. The city council is to determine who may be proper persons to operate a tavern, and also the feasibility, with relation to public welfare, of locations in which such business may be carried on. *State ex rel. Chandler v. Mayor,* 156 Wis. 203, 145 N. W. 758; *Lerner v. Delavan,* 203 Wis. 32, 40, 233 N. W. 608; *Wadhams Oil Co. v. Delavan,* 208 Wis. 578, 243 N. W. 224.

Our statute, sec. 176.05 (1), permits, but does not require officials situated as are respondents to grant, in any and all cases, licenses for the sale of intoxicating liquors. Under conditions and restrictions not necessary to mention here, the common council may grant such licenses to such persons entitled to a license under the law "as they deem proper to keep places within their respective towns, villages, or cities for the sale of intoxicating liquors." When a license is sought, an application must be made describing the individual and the location concerned, notice must be given thereof, and of the "name and address of the applicant . . . and the location of the premises to be licensed." The members of the common council of the city, acquainted with the problem of licensing the sale of intoxicating liquor, are required to exercise discretion in dealing with each case. The situation of the proposed tavern becomes of importance, and must be considered in determining whether or not a license is to issue. Under the evidence submitted, the trial court's decision that the common council did not act arbitrarily and without legal reason is sustained. The premises where appellant sought to establish a tavern are in a neighborhood where no other tavern exists. There are places of amusement for children and others near the proposed location. The usual shopping facilities of a residential neighborhood are present, but no other taverns are within a considerable distance of this place. The common council was of the opinion that the welfare of the community could be served only by denying the application.

A *mandamus* cannot be granted to compel a common council to issue a license where the council, acting within its province, has exercised its discretion, nor can such a writ issue unless the applicant can show a clear right to the relief sought. The appellant insists that the lower court was in error in finding "that the common council, . . . did not act arbitrarily, wrongfully, capriciously or without any legal reason but did so honestly, rightfully and in the exercise of its sound and reasonable discretion and that the exercise of its sound and reasonable discretion was based upon the council's disapproval of the location described in the application." It appears beyond question that the conclusion of the common council, in reference to the license, was based upon sound discretion and did not result arbitrarily; that the members of the council gave due consideration to the effect upon the interests of the community of locating a tavern in that particular place. These do not create an occasion for an appeal to the court for a review of the decision of the licensing body, and the applicant is without a clear right to the granting of a license to him. The council did not refuse to examine or consider his application, and did not arbitrarily or capriciously reject it. On the other hand, they did examine the matter and make inquiries concerning it, and reached a decision after such inquiry and consideration. They thus discharged their official duty, "so far as the courts have any power to control them in the premises. If, as a result of such a determination, they reach a conclusion to grant or refuse a license to an applicant, they are not answerable to the courts for their conduct and discharge of duty, but to the people who conferred the power upon them to regulate and control the liquor traffic and clothed them with the discretion to grant or refuse liquor licenses. It is only upon averments and proof that they arbitrarily and capriciously disapproved and rejected an application without examination, consideration, and inquiry that the courts may

interfere, and then not to direct them how to act or to decide the matter, or to compel or coerce them to issue or refuse a license to any particular person upon certain assumed or existing conditions." *Smyth v. County Commissioners*, 38 Utah, 151, 112 Pac. 809.

Other questions urged by appellant are not considered, because the controlling question for determination presented upon this appeal is the one relating to the discretionary power of the common council.

*By the Court.*—Judgment affirmed.