SMITH, Respondent, vs. CITY OF WHITEWATER and others, Appellants.

*September 10—October 14, 1947.*

314

Leonard Haines of Whitewater and W. Wade Boardman of Madison, for the appellants.

For the respondent there was a brief by Karon & Weinberg of Milwaukee, and oral argument by Philip Weinberg.

RECTOR, J.  Is it permissible under sec. 176.05 (21), Stats., to issue fourteen retail Class B intoxicating liquor licenses in the city of Whitewater?

The subsection reads:

"(a) No governing body of any town, village or city shall issue more than one retail 'Class B' liquor license for each five hundred inhabitants or fraction thereof, except that if a greater number of such licenses have been granted, issued, or in force, in such town, village or city, at the time of the taking effect of this subsection, than would be permissible under said limitation, such town board, village board or common council may grant and issue such licenses equal in number to those granted, issued, and in force on the taking effect of this subsection, but no such town or village board, or common council shall grant and issue any additional retail 'Class B' license above the number in force upon the taking effect of this subsection until the number of such licenses shall correspond to the limitation provided herein.  Inmates of charitable and penal institutions

shall not be considered as inhabitants of cities or villages for the purposes of this subsection."

We considered this statute in *State ex rel. Martin v. Barrett* (1946), 248 Wis. 621, 22 N. W. (2d) 663. As there pointed out, towns, cities, and villages may continue to issue licenses equal in number to those outstanding at the time the law became effective, notwithstanding the statutory ratio of one license for each five hundred inhabitants or fractional part thereof would thereby be exceeded. There were thirteen licenses in Whitewater at the time the law became effective. We will not consider whether the Whitewater ordinance on the subject is intended to permit a number in excess of the quota fixed by the state law since it clearly could not validly do so.

"Inhabitant" is defined by sec. 370.01 (6), Stats., as meaning "a resident in the particular locality in reference to which that word is used." The trial court construed "inhabitant" to include summer vacationists in the vicinity of Whitewater who customarily patronize places of business in that city during their vacation periods. Upon that basis it computed the inhabitants to be in excess of seven thousand. This computation of course would permit the issuance of fourteen licenses within the statutory limitation of one for each five hundred inhabitants.

We are of the view that the trial court was in error. "Resident" is an elastic term which may refer to a temporary sojourner as well as to one possessing a legal domicile. Its statutory meaning in a particular case is dependent upon the sense in which it is used as gathered from its context, the object of the statute, and other accepted aids in statutory construction. Such an exploration need not be made in this case because in any event "inhabitant" as used in sec. 176.05 (21), Stats., necessarily refers to one residing in the particular town, city, or village in which inhabitants are to be counted for

license-limitation purposes. The language of the subsection is susceptible of no other construction.

There is no basis in the evidence for a finding that, as so computed, the population of Whitewater at the time of respondent's application permitted the issuance of fourteen intoxicating liquor licenses. The only evidence as to the number of residents, including students attending college in the city, fixed the population well below sixty-five hundred, the number required to justify the issuance of thirteen licenses upon the basis of the statutory ratio. Thirteen licenses are permitted only because thirteen were in effect at the time sec. 176.05 (21), Stats., became effective. We do not regard plaintiff's Exhibit 20, a letter from the city attorney to the district attorney, as of any probative value. The letter requested the district attorney to obtain an opinion from the attorney general with reference to the number of licenses permitted in the city under sec. 176.05 (21). It was written in February, 1947, and stated that the city of Whitewater had "a resident population of approximately five thousand inhabitants." It also stated that a development near the city would upon completion increase the summer population by "approximately two thousand additional persons." The statement is pure speculation based upon a contingency which may or may not have occurred so far as the evidence discloses.

There was another error in the computation to which attention should be directed. If we are to disregard the last national census as the basis upon which the number of inhabitants is to be computed and if we are to include temporary residents (although we decide neither of these questions), it is necessary to determine the time as of which the computation must be made. An action of *mandamus* such as this is in substance a review of the council's action. It may be observed parenthetically that in no case could the action lie to compel the council to grant a license. *State ex rel. Higgins v. Racine*

(1936), 220 Wis. 107, 264 N. W. 490; *Johnson v. Town Board* (1942), 239 Wis. 461, 1 N. W. (2d) 796; *Rawn v. Superior* (1943), 242 Wis. 632, 9 N. W. (2d) 87. We may assume most favorably to the respondent that the council could be compelled to exercise discretion where it had arbitrarily refused to consider an application on its merit. In order to determine in this case whether it arbitrarily refused to exercise discretion it is necessary to pass upon the situation at the time it was called upon to act. The application was made and acted upon during the month of December. There is no evidence that there were summer vacationists in Walworth county at that time. No influx during the summer months can be considered in determining the number of inhabitants for purposes of fixing the permissible statutory quota. It is necessary to make the determination as of the time the application was acted upon.

We decided in *Smith v. Whitewater, ante,* p. 306, 29 N. W. (2d) 33, that Whitinger's license continued in force after his dispossession by respondent on December 31, 1946. Between January 1, 1947, and June 30, 1947, there were thirteen licenses in effect. This was the period for which respondent applied for a license. The quota was filled and the council was not authorized to issue a license to her. The court erred in ordering it to do so.

There is a suggestion in the court's opinion that if it were necessary in order to sustain the grant of a license to respondent, the court would cancel Whitinger's license. We are unable to find a basis for the exercise of such authority. Conceivably the court may have been thinking of the alleged agreement between respondent and Whitinger, in which Whitinger is said to have agreed that upon the expiration of his lease he would do nothing to prevent respondent from obtaining a license. Such an agreement could not affect the power of the common council to issue a license to Whitinger, nor could it nullify the privilege conferred by the council pursuant to its

lawful authority. At the most, it would entitle the respondent to such damages as she may have suffered by any breach that may have occurred.

The remaining question concerns the action of the trial court in retaining jurisdiction of the cause for purposes of assessing damages against the appellants. There is no possible basis for the assessment of damages in this case. We need not restate the rule applicable in determining such liability. It is sufficient to say that the appellants have acted in accordance with their statutory obligations.

*By the Court.*—Judgment reversed.