CODIC, JR., APPELLEE, *v.* BOARD OF LIQUOR CONTROL OF THE STATE OF OHIO ET AL., APPELLANTS.

(No. 4897—Decided June 3, 1953.)

Mr. *Leonard J. Stern,* for appellee.
Mr. *C. William O'Neill,* attorney general, and Mr. *Ralph N. Mahaffey,* for appellants.

HORNBECK, J.   This is an appeal from a judgment of the Common Pleas Court reversing an order of the Board of Liquor Control which had affirmed an order of the Director of the Board of Liquor Control refusing to grant a class C-2 permit to appellee.

The grounds for the refusal were:

"Pursuant to the provisions of Section 6064-16 of the General Code of Ohio, a hearing was conducted on June 16, 1952, at 10:00 a. m. in the Cleveland district office of the Department of Liquor Control, at which time the authorities in control of the Ninth Evangelical and Reformed Church objected to the issuance of subject permit.

"The department considers said objections well founded and determines it inadvisable to issue said permit."

The original hearing and consideration was at the Cleveland office of the department and upon appeal to the board no representative of the church appeared. However, upon cross-examination of the appellee, it

developed that the premises for which the permit was sought were located directly across the street from the objector church and within fifty feet thereof.

The judgment in the Common Pleas Court finds that there was no evidence submitted to the Board of Liquor Control to support the action of the Department of Liquor Control in rejecting appellant's application for a class C-2 permit.

The section of the General Code involved is 6064-16 which, so far as applicable, reads:

"* * * and no permit shall be issued by the department under authority of this act if the business specified to be operated in the permit applied for is to be operated within a distance of five hundred feet from the boundaries of a parcel of real estate having situated thereon a school, church, library or public playground, until written notice of the filing of said application with the department shall have been personally served upon the authorities in control of said school, church, library or public playground and an opportunity shall have been provided said authorities for a full and complete hearing before the director of liquor control upon the subject of the advisability of the issuance of the said permit; except in the case of an application from a permit holder for a permit of the same class for the same location."

In Ohio, unlike many other states, the provision as to the granting of permits within a certain distance of school, church, etc., is not a complete bar to the granting of the permit. However, it is manifest from the language of the statute that the department is required, if the situation covered by the act is developed, to give consideration to, and to exercise discretion in determining whether it should grant a permit to sell intoxicating liquors. It will be noted also that there is no distinction in the section as to the type of permit

to be considered. Obviously, the board with its knowledge of the character of the business to be operated under the various permits would take that into consideration in allowing or refusing the permit.

It will be noted further that the hearing which is assured the authorities of school, church, etc., is before the Director of Liquor Control and not before the board. The order recites that such a hearing was held and that at the time it was held the church involved objected to the issuance of the permit. It is our opinion that substantial, probative evidence to support the action of the board in refusing to issue a permit, when the permit premises are to be operated within a distance of 500 feet from a church, is found when these physical facts appear. At the most, there is no obligation on the church or school affected to do more than object to the granting of the permit because of the proximity of the permit premises to the school or church, although it may go further and offer testimony as to other disadvantages of granting the permit in the situation developed.

There was also sufficient showing before the board on the appeal to support the action of the director in refusing to issue the permit. We have no authority in Ohio directly in point.

It is said in 48 Corpus Juris Secundum, 244, Section 136*b* that:

"Where a statute or regulation forbids the issuance of a license for a place within a designated distance of certain places or institutions, such as schools, colleges, churches, or other specified places * * * these provisions are liberally construed in favor of the places or institutions which they were designed to protect."

Manifestly, the legislation here under consideration was designed, as is our statute, to protect churches, schools and other designated institutions. In *State,*

*ex rel. Higgins,* v. *City of Racine,* 220 Wis., 107, 264 N. W., 490, the court supported an order of the Board of Liquor Control which refused to grant a license to an applicant solely on the ground of its location. In this instance there was no statute specifically controlling the situation. The court said that an ordinance or statute providing for the granting of a license upon the furnishing of a proper bond and evidence of good moral character does not prevent the licensing body from giving consideration to the proper location of a tavern, and the denying of a license because the place where the business is to be conducted is not a proper place by reason of surroundings for the carrying on of such an enterprise. See, also, *Harrison* v. *People, ex rel.,* 222 Ill., 150, 78 N. E., 52; *Kretzmann* v. *Dunne,* 228 Ill., 31, 81 N. E., 790; *Jugenheimer* v. *State Journal Co.,* 81 Neb., 830, 116 N. W., 964; *Bernstein* v. *City of Marshalltown,* 215 Ia., 1168, 248 N. W., 26, 86 A. L. R., 782.

The department originally, and the board on appeal, had sufficient probative evidence requiring them to exercise discretion whether or not under the provision of Section 6064-16, General Code, the permit should be granted to the applicant. The order of the board affirming the order of the director should have been affirmed.

*Judgment reversed.*

WISEMAN, P. J., and MILLER, J., concur.