Bell, J.
Section 4303.26, Revised Code, provides in part as follows:
“* * * No permit shall be issued by the department if the business specified in the permit applied for is to be operated within 500 feet from the boundaries of a parcel of real estate having situated thereon a school, church, library, or public playground, until written notice of the filing of said application with the department has been personally served upon the authorities in control of said school, church, library, or public playground and an opportunity provided said authorities for a complete hearing before the Director of Liquor Control upon the advisability of the issuance of the said permit * *
Pursuant to the provisions of this section, hearings were conducted by both the director and the board. The record of the hearing before the board clearly shows that appellants have operated the permit premises in a lawful and orderly manner and no complaints have been made against them or their business.
The minister of the Nazar ene Church testified at the hearing, and, to a direct question as to whether the church objected to the issuance of a new D-5 permit, answered, “Yes, we do.” When asked to give the reasons for the objection, he said:
“Well, first, is the religious organization concerned. We are strictly against — for moral purposes, we feel that our duty as a church, and as a trust that’s committed to us, to oppose all traffic in intoxicating liquor. We feel for that reason that we must oppose it. Then we feel that for the second reason, as a group, we have invested a lot of money. We have in excess of $250,000 in property. We feel that it is not a very good influence, that it isn’t the proper thing, to have a saloon, or liquor spot, right so close to the church. We feel for the third reason —this has come up since we met with the board or the group in Tiffin the first time — our school system is very short of space for schoolrooms; and the school board of Fostoria has asked us for permission to use what was once our church sanctuary [the record indicates that this building to be used by the school is more than 500 feet from the permit premises]; and we have granted them permission to use this building. They have remodelled it for two-year olds [later explained to mean for *307 “second graders”], and we feel that for that reason it would be best not to have it — we are just opposed to it.”
We are faced with the question of what was in the contemplation of the Legislature when it provided for a “complete hearing * * * npon the advisability of the issuance” of a liquor permit, when the requested permit would be used within 500 feet of a school, church, library or public playground.
There is certainly no question that the Legislature in enacting Section 4303.26, Revised Code, was giving commendable consideration to the views of church authorities and members who may be morally opposed to the sale of intoxicants. It is also apparent that the enactment is an expression of proper legislative concern for the welfare of children who in their use of schools, libraries and playgrounds should not be unnecessarily exposed to the sale of intoxicants and the effects which sometimes accompany it.
In Codic v. Board of Liquor Control, 98 Ohio App., 388, 129 N. E. (2d), 650, the Court of Appeals for Franklin County held that the physical fact of a church being within 500 feet of a proposed permit location constituted substantial and probative evidence to support the denial of the permit, and when that fact appears there is no obligation on the part of the church to do more than object to the granting of the permit.
On the same day as the decision in the Codic case, the Court of Appeals for Franklin County decided the case of Kroger Co. v. Krebs et al., Board of Liquor Control, 139 N. E. (2d), 867 (transfer of a carry-out permit to a new location within 500 feet of a church and high and elementary schools), and later decided the case of Mullins v. Board, of Liquor Control, 73 Ohio Law Abs., 577, 139 N. E. (2d), 870 (a new permit, 50 feet from a library). In both cases the court relied on and followed the reasoning of the Codic case, and it has been followed on numerous occasions by the Court of Common Pleas of Franklin County.
The Codic decision has not been accepted, however, without some misgivings in Franklin County where heretofore all appeals from administrative agencies had to be heard. (Since the amendment of Section 119.12, Revised Code, effective November 4, 1959, such appeals may be heard in the county where the *308 permit premises are located.) Judge Reynolds, in deciding the appeal in the instant ease in the Franklin County Court of Common Pleas, questioned the soundness of the Codic decision but was constrained to follow it because of judicial subordination.
The appeal from Judge Reynold’s judgment was heard and decided by the Court of Appeals for Franklin County in which “visiting” judges were sitting. In his opinion in this cause, Judge Younger said:
“If the writer of this opinion were sitting in his own judicial district, he would not hesitate to join in deciding this case differently and certifying the decision to the Supreme Court, as being in conflict with the Codic decision.”
We do not believe that the mere fact of proximity coupled with a naked objection on the part of a church or school is what the Legislature intended in enacting Section 4303.26, Revised Code. If that had been the intention, the Legislature could easily have made either or both of those factors controlling in granting or withholding a permit. To say that those are the determining factors would reduce the hearing provided for to one merely concerned with the bona fide character of the objecting institution or to the measurement of distance.
We are of the opinion, therefore, that a mere objection by the authorities in control of a church, school, library or playground within 500 feet of proposed permit premises to the issuance of the permit does not constitute reliable, probative or substantial evidence which would support the denial of such permit.
We would not imply that an objection to the issuance of a permit on moral grounds should be ignored by the director in determining the advisability of issuing the permit. The opposition of many religious denominations to the sale and use of intoxicants is a commendable one that should not be lightly regarded. It takes but little imagination to realize that in many instances the operation of a tavern or other establishment dispensing liquor could have an unwholesome effect on a community whether that establishment is or is not within 500 feet of a church or school. As a consequence, the Legislature *309 wisely reposed a full measure of discretion in the Director of Liquor Control. (It may not be unwise to point out that the department of which this cabinet officer is the administrative head is the Department of Liquor Control rather than the “Department of Liquor” as it is often erroneously called.) He is not required to issue a permit if the authorities of a church or. school consent, nor is he required to deny one if they object. Bather he is to conduct a “complete hearing” and upon the basis of all the evidence determine, in his discretion, the advisability of issuing a permit. And that discretion will not be disturbed on review if his decision is supported by reliable, probative and substantial evidence.
What is the evidence which' was considered by the director in this case? The record clearly shows that the only evidence presented to the board, and thus presumably the only evidence presented to the director, that would militate against the issuance of the permit was that presented on behalf of the church. The objections of the church, succinctly stated, are as follows:
(1) “We are strictly against, for moral purposes * * * all traffic in intoxicating liquor.”
(2) “We have in excess of $250,000 in property” and “it isn’t the proper thing, to have a saloon, or liquor spot, right so close to the church.”
(3) Part of a building on a separate lot (more than 500 feet from the restaurant) and formerly used by the church is to be used as a schoolroom.
The third objection is, of course, immaterial here, because of the distance involved.
The reference by the minister to the value of the property was for the purpose of showing that he “felt” the property would depreciate in value because “we have put a lot more than just dollars into it and we are wanting to protect it. ’ ’ The evidence of all the other witnesses, one of them a real estate broker, is to the effect that the issuing of this additional permit would have no effect at all on the value of the church property.
Giving these objections of the church the most liberal construction, they amount only to a statement that the church objects to the sale of intoxicants, and that it is not “proper” to have a liquor establishment so close to the church. As we *310 have indicated, such objection is not sufficient, in itself, to provide the quantum of evidence required to support the denial by the director of the requested permit.
Accordingly, the judgment of the Court of Appeals is reversed, and, it appearing from the entry of the director that the application of the appellants for a D-5 permit is entitled to first priority in the city of Fostoria, the cause is remanded to the Director of Liquor Control with instructions to issue the permit requested.

Judgment reversed.

Zimmerman, Matthias, Herbert and Peck, JJ., concur.
Taet, J., concurs in the syllabus but dissents from the judgment.
Weygandt, C. J., dissents.