STATE EX REL. BOROO, Appellant, v. TOWN BOARD OF BARNES, Respondent.

*March 9—April 5, 1960.*

156

For the appellant there was a brief by *Douglas, Omernik & Bitney* of Spooner, and oral argument by *E. E. Omernik*.

For the respondent there was a brief by *Norlin & Spears* of Washburn, and *Borg, McGill & Moodie* of Superior, and oral argument by *Douglas S. Moodie*.

CURRIE, J.   Sec. 176.05 (5), Stats., provides in part as follows:

"The application for a license to sell or deal in intoxicating liquor and 'fermented malt beverages' as defined in sec. 66.054 shall be in writing on a form furnished by the commissioner of taxation and sworn to by the applicant. The original application shall state the kind of license applied for, designate the premises where such liquor is to be sold, and such other information as required by this chapter. Such form shall be prepared by the commissioner and shall be suitable for the entire state and so worded as to make clear to any licensing authority the past history of the applicant and fitness for license under this chapter. The commissioner may prescribe a simplified form for renewal applications requiring information pertinent to renewal. The commissioner shall furnish on request such form blanks as may be necessary to each licensing body."

Because the statute authorizes the commissioner of taxation to prescribe a simplified form of application for a renewal license, appellant contends that this evinces a legislative intent that only events which have occurred since the making of the application for license presently in effect need be stated by the applicant in a renewal application. His felony conviction in Michigan had occurred long before his original license was obtained in 1946, and, therefore, was not something which had transpired subsequent to the date of his last prior application. No authority is cited by appel-

lant in support of such interpretation of the statute here advanced. Furthermore, the statute does not make it mandatory that the commissioner devise a simplified form of renewal application but leaves it to his discretion whether or not to do so. The commissioner has exercised such discretion by prescribing but one form of application blank which is to be used for renewal as well as original applications. Thus the commissioner has by such action determined that all information required to be stated in the original application is "pertinent to renewal."

We do not deem the statutory interpretation so advanced by the appellant is a reasonable one, and reject the same.

The second contention made by the appellant is that the legislature by adoption of ch. 42, Laws of 1941, which amended sec. 176.05 (8), Stats., made it clear that a renewal license could only be denied for one of the specific reasons set forth in subs. (9) and (9m) of sec. 176.05. Sec. 176.05 (9) provides among other things that no license shall be "granted or issued to any person who . . . has been convicted of an offense against the laws of this state punishable by imprisonment in the state prison, unless the person so committed has been duly pardoned." There is no express statutory prohibition against granting a license to one convicted of a felony in a state other than Wisconsin.

That part of the amendment to sec. 176.05 (8), Stats., effected by ch. 42, Laws of 1941, upon which appellant relies was the addition to such section of the following sentence:

"No application for a license which is in existence at the time of such annual license meeting shall be rejected without a statement on the clerk's minutes as to the reasons for such rejection."

Without such amendment it is clear that a licensing authority, such as the instant Town Board, has the discretion to deny a license for grounds other than those set

forth in subs. (9) and (9m) of sec. 176.05, Stats. This clearly appears from the initial sentence of sec. 176.05 (1), which reads:

"Each town board, village board, and common council may grant retail licenses, under the conditions and restrictions in this chapter contained, to such persons entitled to a license under this chapter *as they deem proper* to keep places within their respective towns, villages, or cities for the sale of intoxicating liquors." (Italics supplied.)

Cases which hold that a licensing authority has the discretion to deny a license for a reason other than stated in subs. (9) and (9m) of sec. 176.05, Stats., are *State ex rel. Higgins v. Racine* (1936), 220 Wis. 107, 264 N. W. 490, and *Rawn v. Superior* (1943), 242 Wis. 632, 9 N. W. (2d) 87. It is generally accepted that the same discretion as that vested in the licensing authority with respect to the original granting of a liquor license exists with reference to renewals. *Cook v. Glazer's Wholesale Drug Co.* (1945), 209 Ark. 189, 189 S. W. (2d) 897; 30 (1958 ed.), Am. Jur., Intoxicating Liquors, p. 630, sec. 166.

If the legislature, when it adopted ch. 42, Laws of 1941, had intended to limit the grounds for denial of an application for license to those stated in subs. (9) and (9m) of sec. 176.05, Stats., it seems to us it would have said so. Because it did not so state in such amending statute, this court is not inclined to read such a provision into the statute by implication, thereby indulging in judicial legislation.

Ch. 42, Laws of 1941, originated as Bill No. 57, S. There is a card in the file of the legislative reference library pertaining to such bill which states that it had been drafted at the request of Senator Greenquist and such card also bears this statement:

"This request probably filed in view of the supreme court's decision in *State ex rel. Higgins v. Racine* (1936), 220

Wis. 107, holding that a mandamus does not lie against a licensing authority to issue a license if it acts within its province & exercises its discretion."

From the facts stated in the opinion in *State ex rel. Higgins v. Racine, supra,* the application then denied was not one for a renewal license but was an application to license a place not then being operated as a tavern. It is our opinion that the above-quoted memorandum in the legislative reference library was intended to change the rule of law, in so far as it related to renewal licenses, set forth in the following portion of the court's opinion (p. 111):

" 'If, as a result of such a determination, they [the licensing authority] reach a conclusion to grant or refuse a license to an applicant, they are not answerable to the courts for their conduct and discharge of duty, but to the people who conferred the power upon them to regulate and control the liquor traffic and clothed them with the discretion to grant or refuse liquor licenses. It is only upon averments and proof that they arbitrarily and capriciously disapproved and rejected an application without examination, consideration, and inquiry that the courts may interfere, and then not to direct them how to act or to decide the matter, or to compel or coerce them to issue or refuse a license to any particular person upon certain assumed or existing conditions.' *Smyth v. County Commissioners,* 38 Utah 151, 112 Pac. 809."

It seems to us that what the legislature attempted to do by enacting the portion of ch. 42, Laws of 1941, which required the reasons for denial of an application for renewal license to be entered upon the clerk's minutes, was to enable the courts to review such stated reasons and to determine whether the refusal of a license on such grounds constituted an arbitrary or capricious act. If the reviewing court should conclude that the stated reasons did constitute arbitrary or

capricious action, and therefore an abuse of discretion, there would exist no reason why the matter should be sent back to the licensing authority to again exercise its discretion. Under such a situation the licensing authority should be held to have exhausted its discretion and the court should direct the issuing of the license unless some other statutory impediment prohibited the same.

It is true that in the case of *Smith v. Whitewater* (1947), 251 Wis. 313, 317, 318, 29 N. W. (2d) 37, which was decided after such 1941 amendment, it was again held that a court would have no power by mandamus to require the issuance of a license to a particular applicant, and that all that the licensing authority could be compelled to do was to exercise its discretion in the matter where it had refused to consider an application on its merits. However, the opinion makes no mention of the amendment of sec. 176.05 (8), Stats., wrought by ch. 42, Laws of 1941. In view of such amendment, such holding in the *Smith Case* with respect to the extent of the relief, which the courts are authorized to grant by way of mandamus, should have been restricted to applications for an original license.

It is our conclusion that ch. 42, Laws of 1941, did not narrow the degree of discretion theretofore exercised by licensing authorities in granting renewal licenses. Instead, its purpose was in order to afford the applicant for a renewal license a more-adequate legal remedy in the event the licensing authority denied the license than had theretofore existed.

The last contention of the appellant is that the Town Board in denying him a renewal license was acting arbitrarily and capriciously and, therefore, abused its discretion. The two reasons stated in the clerk's minutes for denying the license do not on their face disclose an abuse of discretion but on the contrary are adequate to support the denial of

the license. This is because they have a direct bearing on whether the appellant was a proper person to be granted a license. The fact, as the evidence adduced at the trial tends to establish, that one or more of the board members may have been actuated by bias or animosity toward the appellant in denying the license is immaterial. This is because the motives which actuate municipal authorities in performing an act within the scope of their power will not be inquired into by the courts in the absence of fraud, corruption, or oppression. 2 McQuillin, Mun. Corp. (3d ed.), p. 660, sec. 10.35.

The appellant urges that the board's action was arbitrary because taken under an erroneous belief that the law required it to deny the license because of the appellant's Michigan felony conviction and his failure to disclose the same in his application, thus leaving the board no discretion in the matter. If the fact is as contended by appellant then there was an abuse of discretion. *Windber Brewing Co. No. 2's License* (1913), 54 Pa. Super. 287; 48 C. J. S., Intoxicating Liquors, pp. 260, 261, sec. 159. However, the testimony is in conflict as to whether the board's act was the result of such an erroneous concept of the applicable law. While the trial court made no specific finding on this issue, its general determination that the board did not act arbitrarily is interpreted by us as negating that the board's action was due to a misconception of the law. In any event, this court should not resolve a disputed question of fact upon which the testimony is in conflict. If the appellant desired a specific finding on this issue he should have requested it of the trial court.

The appellant makes much of the fact that the learned trial judge did state in his memorandum opinion that he would not have denied the license for the reasons stated in the clerk's minutes, and that the board's action came close to

being an abuse of discretion. However, a court may not substitute its judgment for that of the licensing authority. 48 C. J. S., Intoxicating Liquors, p. 261, sec. 159, and *Canolesio v. New York State Liquor Authority* (1940), 22 N. Y. Supp. (2d) 765.

*By the Court.*—Judgment affirmed.