STATE EX REL. RUFFALO, Appellant, v. COMMON COUNCIL OF THE CITY OF KENOSHA, Respondent.

*February 28—April 9, 1968.*

---

For the appellant there was a brief by *Lucareli, Newman & Ungemach* of Kenosha, and oral argument by *V. J. Lucareli.*

For the respondent there was a brief and oral argument by *Burton A. Scott* of Kenosha.

HALLOWS, C. J.   Ruffalo contends he has a property right to the renewal of the liquor license and the refusal of the Common Council to renew it was in effect a revocation which procedurally must follow secs. 176.11 and 176.12, Stats.  The plaintiff makes a persuasive argument why the liquor license should be considered something more than an annual privilege granted in the uncontrolled discretion of a municipality.  He acknowledges that a liquor license has traditionally taken on the attribute of a privilege to be granted in the legal exercise of discretion by a licensing authority.  In keeping with this concept, this court has held a liquor license cannot be the subject of transfer or of contract which would limit or control the discretionary authority of a licensing board. *Smith v. Whitewater* (1947), 251 Wis. 306, at 311, 29 N. W. 2d 33; *Smith v. Whitewater* (1947), 251 Wis. 313, 29 N. W. 2d 37; *see State v. Bayne* (1898), 100 Wis. 35, 75 N. W. 403.

In some respects the statute seems to enlarge the privilege concept.  By sec. 176.05 (5), Stats., a license remains in force until July 1st next after granting the license unless sooner revoked.  During this period the statute provides for certain transfers of the license by operation of law when the licensee dies, goes bankrupt, or makes an assignment for the benefit of creditors. In sec. 176.05 (22), a provision preserves a right to a license to one who enters the armed forces.  Nevertheless, most courts which have dealt with the nature of the license make a distinction between a liquor license and other licenses dealing with occupations such as doctors, lawyers, or taxicab drivers.  *See Wignall v. Fletcher*

(1952), 303 N. Y. 435, 103 N. E. 2d 728; *Hecht v. Monaghan* (1954), 307 N. Y. 461, 121 N. E. 2d 421; *Willner v. Committee on Character* (1963), 373 U. S. 96, 83 Sup. Ct. 1175, 10 L. Ed. 2d 224. And because the license is generally of only one year's duration and must be renewed, it has been considered more in the nature of a privilege than a vested or a property right. While the present case was on appeal this court decided that the property-right concept would be against public policy and consequently this case must be ruled by the recent case of *Marquette Savings & Loan Asso. v. Twin Lakes,* ante, p. 310, 156 N. W. 2d 425. *See State v. Bayne, supra;* 9 McQuillin, *Municipal Corporations* (3d ed.), pp. 508–510, sec. 26.195.

In his petition for a writ, Ruffalo complains of two errors: (1) The Common Council failed to follow the procedure in secs. 176.11 and 176.12, Stats., and (2) that its action was arbitrary, capricious and discriminatory. The sections require a complaint in writing under oath to be filed setting forth the violation of the statute justifying revocation, such as keeping a disorderly or riotous, indecent or improper house, or the selling of intoxicating liquor to a minor or an intoxicated person or a habitual drunkard or the disobedience of a valid order of certain public officials. These sections also require a summons and order to show cause, provide for a hearing and set forth the procedure for the hearing on the complaint, including a provision for producing and hearing witnesses. His argument that these sections are applicable is based on his theory that a liquor license is a continuing and property right and the failure to renew is the equivalent of a revocation. Since this premise is incorrect, these sections do not apply to a renewal. Contra, *Hornsby v. Allen* (5th Cir. 1964), 326 Fed. 2d 605. Neither was it arbitrary, capricious or discriminatory to refuse to apply the procedure of those sections.

Under sec. 176.05 (1) and (5), Stats., applications and renewals are treated alike, and this court has held the exercise of the discretion for the original application and for the renewal is the same. Of course, normally in a renewal situation there are more equities in favor of granting the license and the complete disregard of them goes to the question of the refusal being arbitrary, capricious and discriminatory. In *State ex rel. Boroo v. Town Board* (1960), 10 Wis. 2d 153, 102 N. W. 2d 238, we pointed out it is generally accepted that the same discretion vested in a licensing authority with respect to an original granting of a liquor license exists in respect to renewals.

Ruffalo argues that upon renewal he is entitled to a trial-type hearing upon his application under the due-process clause of the constitution. *Hornsby v. Allen, supra.* However, the granting of a liquor license is a legislative function which does not require a trial-type hearing to comport with due process. From time immemorial, legislators and bodies exercising the legislative function have held the legislative type of hearing wherein one is given notice of the hearing and a fair opportunity to state his position on the issue. The right to a hearing and a record sufficient for judicial review to determine whether the exercise of the administrative power was capricious or arbitrary is fundamental. We pointed out in *Ashwaubenon v. State Highway Comm.* (1962), 17 Wis. 2d 120, 115 N. W. 2d 498, that in those cases where the judicial branch has the jurisdiction to review the action of the legislative function the facts which lie within the knowledge of the agency must be disclosed in the record so that the record is complete and adequate for a judicial review to determine whether the action was arbitrary, capricious or discriminatory. *See Goldsmith v. Board of Tax Appeals* (1926), 270 U. S. 117, 46 Sup. Ct. 215, 70 L. Ed. 494. A legislative type of hearing does

not include necessarily the right to cross-examine or require testimony to be given under oath.

In the instant case the plaintiff received a hearing; in fact, two hearings. While no written charges were filed, Ruffalo was aware of the objections to the renewal of his liquor license and he produced witnesses on his behalf to counteract the witnesses in opposition. The licensing body made its decision not to renew, apparently on grounds that the Alibi Tavern created undesirable neighborhood problems either because of its management or of its location. The reviewing court cannot substitute its judgment for the legal discretion of the Common Council on the merits of the application or review the adequacy of the grounds for its decision other than in the context of determining whether the action of the licensing authority was arbitrary, capricious or discriminatory. *State ex rel. Boroo v. Town Board, supra.* We do not find in the record that the Common Council in considering the contested facts acted arbitrarily or capriciously or discriminated against Ruffalo. For what amounts to unreasonableness or arbitrariness in exercise of the legislative function, *see Chicago, M., St. P. & P. R. R. v. Public Service Comm.* (1954), 267 Wis. 402, 66 N. W. 2d 351; *Olson v. Rothwell* (1965), 28 Wis. 2d 233, 137 N. W. 2d 86; *Shadow Lawn School Dist. v. Walworth County School Comm.* (1967), 33 Wis. 2d 333, 147 N. W. 2d 227; *Jabs v. State Board of Personnel* (1967), 34 Wis. 2d 245, 148 N. W. 2d 853.

Ruffalo counterargues the action of the Common Council was capricious and arbitrary because it took into consideration matters which were outside of its province, namely, disturbances happening outside of the tavern in the street for which Ruffalo claims he is not responsible. It is argued the Common Council can only consider in the refusal to renew a license the considerations set forth in sec. 176.05 (9) and (9m), Stats. But this court has

long held that a licensing authority has discretion to deny a license for a reason other than those stated in these sections. *State ex rel. Higgins v. Racine* (1936), 220 Wis. 107, 264 N. W. 490; *Rawn v. Superior* (1943), 242 Wis. 632, 9 N. W. 2d 87; *State ex rel. Boroo v. Town Board, supra.*

In addition, sec. 176.05 (1), Stats., in rather broad and sweeping language provides that a common council may grant such licenses under the conditions and restrictions contained in the chapter as it deems proper. Supplementing this section, the city of Kenosha has enacted a code of general ordinances relating to liquor licenses pursuant to sec. 176.43 (1). Ordinance 10.03 provides a license should not be renewed without a reinspection of the premises and a report such as is required in an original application. In addition, the moral character and financial responsibility of the applicant and the appropriateness of the location and of the premises proposed may be considered. All this was done by the Common Council. While Ruffalo considers his Alibi Tavern to have a good alibi, entitling him to a renewal of the license, we must hold the alibi is without merit.

*By the Court.*—Order affirmed.