Joseph **MORANO**, doing business as
**J J's Super Bar, Plaintiff,**

v.

**COMMON COUNCIL of the CITY OF
RACINE et al., Defendants.**

**No. 75–C–352.**

United States District Court,
E. D. Wisconsin.

Nov. 10, 1975.

Robert G. Roberts, Victor C. Cairo, Racine, Wis., for plaintiff.

Edward Krenske, City Atty., Racine, Wis., and Bronson LaFollette, Wis. Atty. Gen., by Frederick J. Erhardt, Asst. Atty. Gen., Madison, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has moved for a preliminary injunction and for the designation of a three-judge court. In his first cause of action, Mr. Morano alleges that the Racine common council's denial of his renewal application for a class (B) liquor license was accomplished in violation of his procedural due process rights. In his second cause of action, he alleges that sections 176.05(1) and 176.-05(8) Wis.Stats. are unconstitutional on

their face. The plaintiff seeks both injunctive and declaratory relief.

While there may be disagreement as to many of the facts in this case, I am satisfied that for the purposes of the instant motion, there is no meaningful disagreement as to the circumstances which led to the denial of Mr. Morano's application for renewal of his class (B) liquor license. It is clear that he was given no notice of the meeting at which his license renewal was denied. It is the position of the defendants' counsel that the common council of the city of Racine was legally obliged to deny renewal to Mr. Morano because he was the president of another corporation whose license had been revoked after a full hearing. Mr. Morano was the principal officer of both taverns, and the common council construed the provisions of § 176.12 Wis.Stats. as mandating them to deny this application for renewal, even though no hearing was afforded Mr. Morano as to J J's Super Bar.

The challenge to the constitutionality of portions of § 176 Wis.Stats. does not have the substance requisite for the designation of a three-judge court. *Holiday Magic, Inc. v. Warren,* 497 F.2d 687 (1974). In my opinion, neither of the challenged sections of § 176 Wis. Stats. is reasonably challengeable as being unconstitutional on its face. Accordingly, the plaintiff's motion for the convening of a three-judge court will be denied.

The defendants' failure to grant the plaintiff procedural due process in connection with the failure to renew the class (B) liquor license for the year 1975–76, appears to have been contrary to law. *Ruffalo v. Common Council,* 38 Wis.2d 518, 157 N.W.2d 568 (1968). Notwithstanding the revocation of the license of another tavern in which Mr. Morano was a principal, it would appear that he had the constitutional right to a hearing before the council refused renewal of his license for J J's Super Bar.

It does not appear to me that the defendants can legally justify their failure to have afforded a due process hearing merely because they believed that the license revocation was "automatic."

I conclude that there is a reasonable probability of Mr. Morano's ultimate success on the merits and also that he will sustain irreparable injury unless a preliminary injunction is granted.

Therefore, it is ordered that a preliminary mandatory injunction is hereby granted requiring the defendants to issue a class (B) liquor license to the plaintiff for J J's Super Bar during the pendency of this action, upon the payment of appropriate fees.

It is also ordered that the plaintiff's motion for the convening of a three-judge court be and hereby is denied.