Mrs. Lola HORNSBY, Appellant,

v.

Ivan ALLEN, Mayor of the City of
Atlanta, et al., Appellees.

No. 20656.

United States Court of Appeals
Fifth Circuit.

April 3, 1964.

Wesley R. Asinof, Atlanta, Ga., for appellant.

Henry L. Bowden, Newell Edenfield, Atlanta, Ga., for appellees.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM:

Appellees have filed a petition for rehearing in which they challenge our original holding and seek clarification of the principles involved.

As to the first contention the cases cited by appellees to support the broad discretionary powers of liquor licensing authorities all stand for the proposition that local governmental bodies have great latitude in enacting reasonable standards and qualifications for those in the liquor business or seeking to engage in it. They do not say that the licensing authority can select those who are to receive licenses on the basis of uncontrolled discretion and whim, nor do they say that licensees can be selected without any established standards or in disregard of established standards. Thus, the cited case of Thurlow v. Commonwealth of Massachusetts, 5 How. 504, 46 U.S. 504, 12 L.Ed. 256, involved the

conviction of one who had sold liquor without a license. The appellant challenged the state statute which required a license to sell imported liquors in quantities less than 28 gallons. The statute was upheld and the conviction affirmed. It can be readily seen that the discretion upheld there was in the general limitation on the right to sell liquor; Thurlow was subjected to the same restrictions as all others in the state.

■■ Furthermore, we cannot agree with appellees' contention that a liquor applicant is like a candidate for a state governmental office who has no rights secured by the United States Constitution. The liquor business is like any other business in that the state is limited in its regulation of it by due process and equal protection requirements, although the peculiar nature of the business warrants the imposition of severe limitations on liquor traffic and tight restrictions on those persons engaged in it. In answer to appellees' suggestion that some rights, such as the right to practice law in a state court, are privileges not protected by the Constitution, we call attention to Konigsberg v. State Bar of Cal., 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957).

■■ To deal with the requests for clarification next, we reiterate that the function of the trial court will not be to determine whether Mrs. Hornsby is entitled under the law to a liquor license; rather it is to ascertain if the manner in which it is determined whether she should be granted one accords with constitutional standards. This Court will not suggest how the determination should be made other than to point out that every applicant should be apprised of the qualifications necessary to obtain a license and should be afforded a reasonable opportunity to show that he does or does not meet them. If appellees fear that too many applicants are qualified under existing standards, then, we repeat, they may raise the standards of eligibility and fix limits on the number of licenses to be issued. If there are more applicants than licenses and all ap-

plicants are equally qualified to serve the general welfare, perhaps an unlikely event, then selection among them by lot or on the basis of the chronological order of application would meet constitutional requirements.

The motion for rehearing is denied.

JONES, Circuit Judge, dissents.