Harold **MOBERLY** et al., Members of and Constituting the Kentucky Alcoholic Beverage Control Board of the Commonwealth of Kentucky, Appellants,

v.

James R. **BERRY** et al., Appellees.

Court of Appeals of Kentucky.

July 1, 1966.

Frank M. Dailey, Frankfort, James R. Watts, Brandenburg, for appellants.

William A. Young, Frankfort, for appellees.

MOREMEN, Judge.

Appellees, James R. Berry and Lucille Berry, made application for a retail package liquor license for premises to be located on Kentucky Highway 44 between Flaherty in Meade County and Vine Grove in dry Hardin County.

On May 11, 1964, the appellants, A B C Board, denied the application for a license.

On May 16, 1964, an appeal was had to the Franklin Circuit Court.

On August 4, 1964, judgment was entered reversing the Board's order and directing that a license be issued to appellees.

On August 27, 1964, the court, upon its own motion, entered an order in which it was recited that the action had been submitted to the court without order and that all the attorneys of record had not been notified of the motion for submission, and it was adjudged that the order and judgment entered on August 4, 1964, reversing the decision of the A B C Board be set aside and held for naught.

On September 8, 1964, an order was entered docketing the case for submission for final judgment on September 16, 1964.

On October 10, 1964, appellees moved to set aside the order of August 27 upon the grounds that under CR 59.04, the court had lost control of the judgment after ten days had elapsed and that the order setting aside the judgment entered August 27 was void and of no effect.

On November 10, 1964, after a hearing, the court being of the opinion that it had lost control of the cause by August 27, 1964, under CR 59.04, declared the order entered on that date to be a nullity, the effect being that the judgment entered August 4, 1964, which reversed the Board, was restored to full force and effect.

On November 25, 1964, appellants filed notice of appeal from the order and judgment entered November 10, 1964.

It is argued by appellees that the notice of appeal was defective because under CR 73.03 it failed to "designate the judgment or part thereof appealed from" and that the order of November 10, 1964, from which the notice of appeal recited that the appeal had been taken, was no more a final judgment or appealable order than would have been an order overuling a motion for a new trial.

After a period of leniency following the adoption of the Civil Rules, and after several warnings (White v. Hardin County Board of Education, Ky., 307 S.W.2d 754; United Mine Workers of America v. Morris, Ky., 307 S.W.2d 763) in Hawks v. Wilbert, Ky., 355 S.W.2d 655, where a notice of appeal stated that the appeal was "from an order overruling the plaintiff's motion

for a new trial," the Court held the notice to be defective, saying:

"In considering this and similar failures of counsel to follow the rules of appellate practice, the Court is confronted with many hard decisions. The choice presented is whether it is better to adhere strictly to the rules with some seemingly harsh decisions resulting, or to permit a substantial compliance when no prejudice is shown to have been occasioned by the dereliction. This problem has plagued the Court many times. However, rather than having to decide whether each dereliction is prejudicial, the Court has adopted the policy of strict compliance in the belief that the legal profession should by now be adequately informed on these rules."

We agree with counsel for appellees that it is now well settled that ordinarily a notice of appeal, which designates as the object of the appeal the order overruling a motion for a new trial, will not be treated as valid by this Court; but we do not believe the foregoing cases or the language quoted above intends forever to exclude all attempts to appeal from an order which may not be the enforceable judgment in the case.

The judgment which was first entered on August 4 had vitality until August 27. The time in which a notice of appeal may be filed had not elapsed and, before the thirty days had run, the trial court erroneously set aside the judgment. The judgment of August 4 had reversed the Board's order. The order of August 27 placed the parties in the same position in which they were when the case was appealed. It would be strange indeed if appellants should be required to serve notice of appeal from a judgment by which they were not aggrieved and which by order of the circuit court had been set aside.

The order of November 10 gave life to a judgment which had been in a state of suspended animation. Without that final order the judgment of August 4 would have no force. To deny appellants the right of appeal at this time when their only act had been to rely on the mistaken actions of the circuit court would be a miscarriage of justice not required by the Civil Rules. Therefore, we hold that the circuit court's intervention suspended the running of the thirty-day-appeal period until November 10, when the court last acted on the case.

The primary substantive issue to be decided is whether the circuit court was justified in reversing the decision of the A B C Board which denied appellees the license for which they had filed application. The Board, which supported the finding of the Distilled Spirits Administrator, made these findings of fact:

"1. The proposed premises for which the license was sought was on a state highway and is an unincorporated isolated area.

2. There was inadequate police protection in the area where the licensed premises are proposed to be located.

3. Other alcoholic beverage outlets in the general area of the proposed premises are adequate to serve this sparsely populated portion of Meade County.

4. The officials of Meade County, Kentucky, including the County Judge, members of the Fiscal Court, and the County Court Clerk were present and objected to the issuance of said license."

The foregoing findings of fact were amply supported by testimony. Within a five-mile radius of the proposed premises there were fourteen retail beer outlets and three whiskey outlets. It was shown that this was a sparsely settled farming community. Various county officials testified as to police problems with law enforcement in this area and told of the difficulties in connection with supervision of the various taverns spread throughout the county.

Appellees argued that since the quota for package liquor licenses in Meade County had not been filled and because the personal qualifications of appellees had been established it was an abuse of administrative discretion to have denied appellees the license which they sought.

In Alcoholic Beverage Control Board v. Woosley, Ky., 367 S.W.2d 127, we specifically held that the fact that a quota has not been filled does not restrict the discretionary power granted the administrator by the legislature and that reasonable and proper distribution of retail outlets within a given area is a material consideration in protecting the public interest. In that case it is said:

"With respect to retail distribution outlets, the legislature has specifically prescribed certain conditions of eligibility to obtain a license. If any such disqualifications exist, the state administrator has no authority to issue a license. On the other hand, the legislature has, by the enactment of KRS 243.450(2), taken cognizance of a twilight zone within which the administrative agency must determine if any particular license should be granted when substantial reasons exist why its issuance would not be in the public interest."

Subsection (2) of KRS 243.450 is as follows:

"A license that might be issued under KRS 243.020 to 243.670 may be refused by a state administrator for any reason which he, in the exercise of his sound discretion, may deem sufficient."

Under the facts presented we are of opinion that the State Administrator and the Board did not abuse sound discretion in refusing to issue a license in this case.

The judgment is reversed with directions to enter judgment sustaining the order of the Alcoholic Beverage Control Board.