**James R. BERRY and Lucille Berry, Plaintiffs-Appellees,**

**v.**

**Bert ALLEN, James R. Watts, William P. Lusk and Joe Jones, Defendants-Appellants.**

**No. 18930.**

United States Court of Appeals
Sixth Circuit.

June 20, 1969.

Western District of Kentucky under the Civil Rights Act, 42 U.S.C. § 1983, claiming that Appellants violated their civil rights by arbitrarily refusing to grant them a local liquor license. The Trial Court, upon findings of fact, entered judgment for Appellees directing Appellants to issue them the local license. Appellants then perfected this appeal. We reverse the judgment of the District Court.

The Kentucky Revised Statutes provide a comprehensive scheme for regulating commerce in alcoholic beverages. KRS Chs. 241–244. These statutes vest state officials, a State Alcoholic Beverages Administrator and State Alcoholic Beverages Control Board in particular, with power to determine the quota of liquor licenses for counties and cities and who shall be entitled to them. An individual wishing to open a retail liquor outlet must therefore procure a state license.

Local officials may also have a say in the matter. A county or city may designate its own alcoholic beverage administrator to whom applicants must apply before making application for state licenses. Although local administrators lack power to determine the quota of liquor licenses for their localities, this being a state function, they may regulate the distribution of liquor outlets to ensure that too many do not become concentrated in one area.

If either administrator expresses his intention to deny his particular license, the applicant is entitled to a hearing before the State Alcoholic Beverages Control Board. If after the hearing the Board declines to issue the state license, because it upholds the local administrator or it refuses on the recommendation of the State Administrator to issue the state license, the applicant may appeal to the Franklin County Circuit Court and from there to the Court of Appeals of Kentucky.

The Kentucky procedure outlined above thus provides for co-operation between the local administrators, where they have qualified for that office, and

---

Edwin O. Davis of Davis & Mahan, Louisville, Ky., for appellants.

William A. Young, Frankfort, Ky., for appellees.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

Appellees brought an action in the United States District Court for the

state administrators in deciding whether local conditions warrant the granting of a license. The State Administrator, however, may refuse to issue a license "for any reason which he, in the exercise of his sound discretion, may deem sufficient." KRS 243.450. The State Board reviews the State Administrator's exercise of discretion to see if it was reasonable. See O'Brien v. Department of Alcoholic Beverages Control, 306 Ky. 238, 206 S.W.2d 941 (1947). And the courts of Kentucky will review the Board's action to see if the Board had jurisdiction and if substantial evidence supports its findings of fact. KRS 243.-570(2). This is the normal arrangement between courts and administrators where the State has entrusted the latter with discretion to make informed determinations.

Turning to the case before us, Appellees applied to the Kentucky Department of Alcoholic Beverage Control on May 24, 1963 for a retail package liquor license to open an outlet in Meade County, Kentucky. No one had at that time qualified for the post of County Administrator in Meade County. The quota that the State Board had established for this County was full, however. Appellees then successfully petitioned the State Board to increase the quota of retail package liquor licenses for Meade County. Appellees renewed their application for a state license. Some of the Appellants herein filed protests as interested citizens and the State Administrator denied Appellees' application on the ground that the Fort Knox area of Meade County, Kentucky, where Appellees proposed to locate their store, was being adequately served by the retail liquor outlets already there. The Board affirmed the State Administrator. It specifically found that:

"1. The proposed premises for which the license was sought was on a state highway and is an unincorporated isolated area.

"2. There was inadequate police protection in the area where the licensed premises are proposed to be located.

"3. Other alcoholic beverage outlets in the general area of the proposed premises are adequate to serve this sparsely populated portion of Meade County.

"4. The officials of Meade County, Kentucky, including the County Judge, members of the Fiscal Court, and the County Court Clerk were present and objected to the issuance of said license."

Appellees appealed to the Franklin County Circuit Court which reversed the Board. The Board appealed to the Court of Appeals of Kentucky which reversed the judgment of the Circuit Court and held that the Board was justified in denying Appellees' application. Moberly v. Berry, Ky., 405 S.W.2d 198 (1966). Thus after exhausting state procedures, Appellees found themselves without a liquor license. Meanwhile, Appellant Bert Allen had qualified for the office of County Alcoholic Beverage Administrator for Meade County.

Approximately six months after the decision in Moberly v. Berry, Ky., 405 S.W.2d 198 (1966), Appellees brought an action against members of the State Board in the United States District Court for the Eastern District of Kentucky under 42 U.S.C. § 1983 claiming that the State Board members had violated their civil rights. Appellees alleged that the entry by the Board of the order denying their license

"was the result of a conspiracy by the defendants herein being politically motivated and was the result of a conspiracy by the defendants each with the other to * * * arbitrarily * * * discriminate against plaintiffs by holding them to a standard different from that used in granting the same type of license to other applicants similarly situated. * *."

Appellees requested that the District Court grant the following relief: first, that the Court enjoin the Board from issuing any retail package liquor license for use in Meade County; second, that

the Court enter an order directing defendants to rehear Appellees' application for a state license; and third, that upon reconsideration of same defendants be directed to apply to plaintiffs "the same standard of eligibility used in issuing licenses to other applicants similarly situated." This is all that Appellants requested in their complaint.

The Board moved to dismiss the complaint on the ground that it failed to state a claim under Section 1983 of the Civil Rights Act. The Court denied the Board's motion and the Board filed an answer. Before the case could be set for trial, a general election was held and as a result there was a change of State administration. Following the election, for reasons that do not appear in the record, the Board withdrew its answer and elected to stand on its motion to dismiss. The District Court rendered judgment for Appellees upon the finding that they were entitled "to the alcoholic beverage license for which they applied to the defendants on or about May 24, 1963" and ordered the Board to "prompt[ly] issu[e] plaintiffs * * * the retail package liquor license" they applied for on May 24, 1963. The Board under compulsion of the District Court judgment issued the license and no appeal was taken from the Court's decision.

The case before us was commenced by Appellees upon Appellant Allen's refusal as County Alcoholic Beverage Administrator, to issue a county license. His reasons for refusing were the same as those the Board gave when it denied Appellees' request for a state license, namely that local conditions in the Fort Knox area did not warrant an additional liquor outlet. Although Appellant Allen testified during trial that he had never refused a local license to anyone already holding a state license, he had refused to issue local licenses to new applicants. The District Court found that since Appellees held a state license Appellants were treating them arbitrarily. The Court entered judgment ordering Appellants to issue the county liquor license and enjoining them from interfering with Appellees' sale of liquor in the Fort Knox area of Meade County.

Since the Kentucky licensing scheme authorizes the State Board to have the final say in issuing retail package liquor licenses, Appellees are correct in maintaining that a local administrator does not have authority to dispute the basis upon which the State Board decides to grant a state license. This is especially true in this case since no county administrator had qualified for that office when Appellees filed their initial application with the State Board.

■ But Appellees misconceive their position under the facts of this case. The question before us is not whether a county administrator may properly ignore a liquor license issued by the State Board. We must decide whether a United States District Court has jurisdiction to order the State Board to grant one where the State of Kentucky has decided that no one is entitled to operate an additional retail liquor outlet in the Fort Knox area of Meade County, Kentucky. Assuming Appellees alleged sufficient facts in their complaint against the Board to establish that the United States District Court for the Eastern District of Kentucky had jurisdiction under Section 1983, we hold that the District Court did not have jurisdiction to order the Board to grant them a license. Hornsby v. Allen, 326 F.2d 605 (5th Cir.1964). To put it bluntly, although an individual has the right under that Section to be treated fairly by State officials and may seek the aid of the federal courts to vindicate his right to fair treatment, this does not mean that he has a right to a liquor license. The District Court had no power to tell the State of Kentucky that the Fort Knox area should have an additional liquor outlet and that Appellees were entitled to open a store there. The only remedy it could grant Appellees was that for which they asked—an injunction against the State Board from discriminating against them in violation of their Fourteenth Amendment rights. Here,

the State was in fact treating everyone alike by not allowing additional retail liquor outlets in the Fort Knox area. The District Court, however, substituted its judgment for that of Kentucky officials whom the legislature entrusted to regulate the liquor traffic in that State. This even the Kentucky courts could not do under their limited power of review. See KRS 243.570(2). Although the District Court had jurisdiction to enjoin Kentucky officials from discriminating against Appellees, it had no power to order them to issue a liquor license. Consequently, the judgment in that action was void. Hornsby v. Allen, 326 F.2d 605 (5th Cir.1964). Appellants were therefore justified in refusing to issue a county liquor license to Appellees on the strength of the state license that was presented to them. Since Appellees' state license derived life from a void judgment it too was invalid. Ex parte Myers, 121 Neb. 56, 236 N.W. 143, 144 (1931). Any individual, moreover, may challenge a void judgment when it is asserted against him. See e.g., Hicklin v. Edwards, 226 F.2d 410 (8th Cir.1955).

We fail to see where Appellees have suffered any wrong through state action which would bring them within the purview of Section 1983 inasmuch as the evidence discloses that no new licenses have been issued to anyone in Meade County although there have been numerous applicants.[1]

We do not deem it advisable to stretch the relief granted under 42 U.S.C. § 1983 to matters which rightly belong to a sovereign state exercising their police powers, within constitutional limitations.

To permit this judgment to stand under the evidence presented would usurp the acknowledged sovereignty of the State of Kentucky and deny it the right to exercise its sound judgment concerning internal affairs and reserved rights.

At all times throughout the events in this case Appellants have vigorously insisted that the Fort Knox area was suf-

ficiently saturated with liquor establishments. The State Board and the courts of Kentucky agreed with them. And it was not for a United States District Court to say otherwise.

The injunction must therefore be dissolved and the complaint must be dismissed.

Reversed and remanded.

---

1. We do not consider a renewal of existing licenses as falling within the category of new licenses. Renewal merely maintains the status quo while the issuing of new licenses increases the number outstanding.