**Jeanette STENZEL, Plaintiff,**

v.

**CITY OF KENOSHA, a Wisconsin Municipal Corporation, Defendant.**

**Civ. A. No. 71–C–334.**

United States District Court,
E. D. Wisconsin.

Oct. 21, 1971.

Victor C. Cairo, Racine, Wis., for plaintiff.

Michael S. Fisher, City Atty., Terry L. Constant, Asst. City Atty., Kenosha, Wis., for defendant.

## MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge.

This is a companion case to Bruno v. Kenosha, et al., 333 F.Supp. 726 (E.D. Wis.1971), decided earlier today. Procedurally and factually it is identical with those cases except that at the June 7, 1971, meeting of the city council of Kenosha, the plaintiff was granted a license after she stated "that she no longer has or had for quite some time topless and bottomless entertainers, that she was interested in cooperating and would appreciate to be allowed to continue to be in business."

At the June 21, 1971, city council meeting, it was voted to reconsider plaintiff's license, and upon reconsideration it was voted to deny her a license.

On September 21, 1971, an amended complaint was filed in this action specifically alleging that the defendant acted pursuant to § 176.05, Wis.Stats., and challenging that statute as unconstitutional. A three-judge district court is requested.

For the reasons set out earlier today in my opinion in Bruno v. Kenosha, I conclude that I should request the convening of a three-judge court, and that pursuant to Title 28 U.S.C. § 2284(3) the temporary restraining order presently outstanding should be continued.

On the basis of the record before me, including the affidavit and verified complaint of the plaintiff, representations of counsel, and a hearing in this matter, I find for purposes of Title 28 U.S.C. § 2284(3) and for no other purpose that irreparable damage will result if the outstanding temporary restraining order is not continued.

It is therefore ordered, pursuant to Title 28 U.S.C. § 2284(3), that the temporary restraining order presently outstanding in this matter be and it hereby is continued until further order of the court.