**GO–GO OF RACINE, INC., a Wisconsin Corporation, et al., Plaintiffs,**

v.

**CITY OF RACINE, a Wisconsin municipal corporation, et al., Defendants.**

**David H. ROBERS, Plaintiff,**

v.

**CITY OF RACINE, a Wisconsin Municipal Corporation, Defendant.**

**Civ. A. Nos. 71–C–317, 71–C–335.**

United States District Court,
E. D. Wisconsin.

Oct. 21, 1971.

William D. Whitnall, Racine, Wis., for Go-Go of Racine, Inc. and other plaintiffs.

Victor C. Cairo and Jay Schwartz, Racine, Wis., for David H. Robers.

Jack Harvey, City Atty., Edward A. Krenzke, Deputy City Atty., Racine, Wis., for defendants.

**MEMORANDUM OPINION AND ORDER**

REYNOLDS, Chief Judge.

These are companion cases to Bruno v. Kenosha, 333 F.Supp. 726 (E.D.Wis. 1971), decided earlier today. Procedurally they are identical with those cases. The parties using Rule 36 of the Federal Rules of Civil Procedure have agreed to the following facts.

The plaintiffs are the owners and operators of taverns in Racine, Wisconsin. In 1970 they were granted Class "B" Retail Fermented Malt Beverage and Intoxicating Liquor Licenses. During that licensing year they provided entertainment in their taverns consisting of nude and semi-nude dancing. In compliance with state law, plaintiffs filed with defendant appropriate and timely applica-

tions for renewal of their liquor licenses for the license year June 1971–June 1972. On June 1, 1971, the city council of Racine, after hearings and meetings were held by the License and Welfare Committee, voted to adopt the committee's report and thereby to deny plaintiffs' renewal of their liquor licenses. The adopted committee report as is pertinent to these cases reads as follows:

"Your LICENSE & WELFARE COMMITTEE to whom was referred:

"Respectfully report

"Item 21(6) of May 18, 1971, being Item 11 D of May 4, 1971, being the following applications for Class B Retail Fermented Malt Beverage and Intoxicating Liquor License:

"Go-Go of Racine, Inc.
   201 Main Street
Richard A. Missureli
   1209 Douglas Avenue
Dave H. Robers
   1814–16th Street

"Respectfully report and recommend that after two public hearings, and based upon testimony submitted at such hearings, each of the above applicants, by reason of their method and manner of operation of their business during the license year 1970–71, have contributed substantially to the creation of the following conditions within and/or concerning the City:

"a) A change of reputation of the City of Racine from that of a 'City of Advantages' to that of a city of ill repute.

"b) An atmosphere that now attracts into the community an undesirable element which has fostered an increase of prostitution, promiscuity and VD.

"c) A sensitivity on the part of the community to the indecent activity within the premises which now discourages residents from having relatives and friends visit the City.

"d) A sensitivity on the part of residents to indecency within the premises that has adversely effected [sic] family and home life of the community and which now causes concern on the part of parents for the moral well-being of their children.

"e) An atmosphere of fear and concern on the part of citizens for the activity that goes on in these premises and which now causes them to refrain from entering business districts where these premises are located, and in turn causing loss of patronage to other merchants in the area.

"f) That there have been complaints of feuding between the management of two of the premises (Pussy Cat and Tubby's) and threats of violence between the two; also, there exists complaints against one of the premises (Tubby's) of having patrons physically ejected when the patron failed to spend sufficient money across the bar; as well as complaints of minors in two of the premises (Tubby's and Pussy Cat).

"That, therefore, in the best interest of the welfare and morals of the community, it is recommended that these license applications be denied.
 \* \* \* "

It is agreed that no finding of obscenity has ever been made of any performance rendered in plaintiffs' business operations.

Plaintiffs also allege in their requests for admission of facts that at the public hearings held with regard to license renewal, no speaker was sworn under oath or allowed to be cross-examined. Defendants in reply neither admit or deny and instead object on the ground of relevancy. Plaintiffs also allege that no notice of the hearing, etc., was given them, that discussion at both committee and council meetings with regard to plaintiffs' license applications centered upon defendants' desire to eliminate nude and semi-nude dancing, and that no enforce-

able obscenity standard with regard to dancing in taverns has ever been established by defendants. The defendants deny each of these allegations. Finally, the parties agree that plaintiffs' businesses survive primarily by the sale of liquor, that they cannot operate without a license, and that without a license there would be a total loss of revenue and patronage. The defendants deny, on the basis of insufficient knowledge, that plaintiffs have invested more than $20,-000 in their tavern operations. Plaintiffs by way of verified complaints and affidavits have sworn to the truth of all the above allegations. (In the case of Robers v. Racine, a complete stipulation of facts has now been entered into between the parties. This stipulation is substantially in accord with the above.)

For the reasons set out earlier today in my opinion in Bruno v. Kenosha, 333 F.Supp. 726 (E.D.Wis.1971), I conclude that I should request the convening of a three-judge court, and that pursuant to Title 28 U.S.C. § 2284(3) the temporary restraining orders presently outstanding should be continued. (In the case of Robers v. Racine, an amended complaint was filed on September 21, 1971, alleging that the defendant acted pursuant to § 176.05, Wis. Stats., and challenging that statute as unconstitutional. A three-judge court is requested.)

On the basis of the record before me, including affidavits and the verified complaints of the plaintiffs, representations of counsel, and after hearings in these matters, I find for purposes of Title 28 U.S.C. § 2284(3) and for no other purpose that irreparable damage will result if the outstanding temporary restraining orders are not continued in each case.

It is therefore ordered, pursuant to Title 28 U.S.C. § 2284(3), that the temporary restraining orders presently outstanding in these cases be and they hereby are continued until further order of the court.