Richard A. **MISURELLI** and Terrance McCue, Plaintiffs,

v.

CITY OF RACINE, a Wisconsin Municipal Corporation, Defendant.

Civ. A. No. 71–C–316.

United States District Court, E. D. Wisconsin.

Oct. 21, 1971.

Victor C. Cairo and Jay Schwartz, Racine, Wis., for plaintiffs.

Jack Harvey, City Atty., Edward A. Krenzke, Deputy City Atty., Racine, Wis., for defendant.

**736**

## MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge.

This is a companion case to Bruno v. Kenosha, et al., 333 F.Supp. 726, (E.D. Wis. 1971), decided earlier today. Procedurally it is identical with those cases. Factually, it is identical with Robers v. Racine, 333 F.Supp. 733 (1971), decided earlier today except in the following aspects.

Reading all the pleadings and admissions of fact together, it appears that McCue and Misurelli are business partners in a tavern operation. In pursuance of their joint tavern operation, McCue was granted a liquor license for the year 1970–71. For reasons unknown, McCue did not apply for a liquor license for the year 1971–72, but rather his partner Misurelli so applied. Misurelli had not held a liquor license for the year 1970–71.

On September 21, 1971, an amended complaint was filed in this action alleging that the defendant acted pursuant to § 176.05, Wis.Stats., challenging that statute as unconstitutional and requesting that a three-judge court be convened.

For the reasons set out earlier today in my opinion in Bruno v. Kenosha, I conclude that I should request the convening of a three-judge court. The fifth circuit does not appear to distinguish for due process purposes between new liquor license applications and renewals. See, e. g., Barnes v. Merritt, 428 F.2d 284 (5th Cir. 1970).

On the basis of the record before me, including the affidavit and verified complaint of the plaintiffs, representations of counsel, and a hearing in this matter, I find for purposes of Title 28 U.S.C. § 2284(3) and for no other purpose that irreparable damage will result if the outstanding temporary restraining order is not continued.

It is therefore ordered, pursuant to Title 28 U.S.C. § 2284(3), that the temporary restraining order presently outstanding in this matter be and it hereby is continued until further order of the court.