PLAYGIRL LOUNGE, INC., a Wisconsin Corporation, and Floyd Loper, Individually and as Vice President of Playgirl Lounge, Inc., Plaintiffs,

v.

The TOWN OF LA FAYETTE et al., Defendants.

Civ. A. No. 71-C-342.

United States District Court,
E. D. Wisconsin.

Oct. 21, 1971.

Wayne E. Rowlee, Milwaukee, Wis., for plaintiffs.

Philip B. Morrissy, Elkhorn, Wis., for defendants; Jonathan P. Siner, Milwaukee, Wis., of counsel.

## MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge.

This case was consolidated with Bruno v. Kenosha, et al., 333 F.Supp. 726 (E.D. Wis. 1971), and its companion cases for purposes of a motion to vacate the temporary restraining order. This action alleges a cause of action under Title 42 U.S.C. §§ 1981, 1983, and 1985. Jurisdiction of this court is sought under Title 28 U.S.C. §§ 1331 and 1343.

On July 6, 1971, after a hearing and arguments by both parties and upon the affidavit and verified complaint of plaintiffs, I ordered that "the Defendants above named issue, upon tender of appropriate fees, a Class B Retail Fermented Malt Beverage and Intoxicating Liquor License to the Plaintiffs above named, and to maintain such license in full force and effect until further order of the Court." Subsequently defendants moved to vacate or alternatively modify the temporary restraining order. In addition, an answer was filed and requests for admission of facts and replies pursuant to Rule 36 of the Federal Rules of Civil Procedure and order of this court were exchanged between the parties. On July 26, 1971, a hearing was held on defendants' motions, and on July 30, 1971, on the basis of the record, briefs of counsel, and arguments at the hearing, I denied the motions. I now conclude that my decision of July 30, 1971, with regard to this case was erroneous.

Plaintiffs by their complaint (which is substantially identical with the complaints filed in the "Racine" and "Kenosha" cases decided earlier today) allege the following:

On May 3, 1971, the defendant Town of LaFayette (hereinafter "Town") passed an ordinance reducing its quota of liquor licenses from four to three. Other than stating "that said ordinance was directed at the plaintiff, Playgirl Lounge, Inc.," the plaintiffs in no way attack the validity of the ordinance, nor do they ask by way of relief that the ordinance be enjoined. It is next alleged that on June 7, 1971, the defendant Town failed to renew the liquor license of plaintiff Floyd Loper without allowing a hearing and notice as mandated by Fourteenth Amendment due process of law. In making this attack on the Town's liquor license renewal procedure, plaintiffs in no way allege that any other liquor license granted on June 7, 1971, was invalid, and other than plaintiffs, no holder of a liquor license granted by the Town is a party to this action. It is further alleged that the Town's denial of Loper's application for renewal was "done solely for the purpose of censoring conduct which they deemed to be objectionable"; namely, nude and semi-nude dancing entertainment. It has further been agreed between the parties that prior to taking up the plaintiffs' liquor license application on June 7, 1971, the defendant Town had granted three liquor licenses for the forthcoming year. In other words, when the Town took up plaintiffs' license, it was by virtue of its

ordinance of May 3, 1971, without authority to grant any more licenses, a fact not present in any of the "Racine" or "Kenosha" cases decided earlier today.

I have concluded that my order of July 30, 1971, denying defendants' motion to vacate was erroneous. Given plaintiffs' pleadings and stipulations of fact as outlined above, the precise constitutional question presented would appear to be whether the Fourteenth Amendment requires a quasi-judicial hearing when a license application is passed on by a licensing authority which is *without* authority to issue a license. I know of no authority which dictates such a formalistic requirement, nor do I perceive that any of the policy reasons which lie behind the mandate of "due process of law" suggest such a rule. (As plaintiffs attack only the denial of their license in particular and not the entire licensing procedure of June 7, 1971, the issue of what constitutional restraints are present when a licensing board is faced with more applicants than licenses available is not present.) I conclude that on the record before me there is no reasonable probability that plaintiffs will ultimately be successful in this action and that defendants' motion to vacate the outstanding temporary restraining order was well founded. While with regard to defendants' alleged misconduct plaintiffs' complaint is essentially identical to the complaints in the "Racine" and "Kenosha" cases decided earlier today, the factual differences between this case and those cases create a different "legal" issue.

Defendants by way of an answer to the complaint, filed in this court on the same day as their motion to vacate, also assert that adjudication of plaintiffs' claim requires a three-judge district court. While my conclusions above would seem to place such assertion in doubt, for the present I shall decline to request the convening of such a court in reliance upon plaintiffs' representation in their brief in opposition to defendants' motion to vacate to the effect that "The constitutionality of license requirements of the State of Wisconsin is not before this court or any court. The failure to abide by the Wisconsin Statutes and the deprivation of constitutional rights *as a result* of such are before the Court." (Emphasis added.)

A comparison of the pleading with the requests for admission of facts and arguments before me by counsel leaves me with the impression that in the necessary haste with which this action was commenced and has proceeded, some confusion has resulted. I therefore will refrain from any further action at present and grant thirty days' leave to any party to amend its pleadings, join additional parties, offer motions, and/or submit briefs as they deem proper.

Upon reconsideration and on the record before me and the representations of counsel,

It is ordered that the temporary restraining order issued by this court on July 6, 1971, in this matter and the order denying the motion to vacate the temporary restraining order issued by this court on July 30, 1971, as it pertains to this matter be and they hereby are vacated.

It is further ordered that upon demand the plaintiffs shall return to the defendant Town of LaFayette any Class "B" Retail Fermented Malt Beverage and Intoxicating Liquor License it may hold pursuant to this court's temporary restraining order of July 6, 1971.

It is further ordered that any party may within the next thirty days amend its pleadings or join additional parties.